2002 UT 51

**STATE of Utah, Plaintiff and Appellee,**

v.

**Travis E. TELFORD, Defendant and Appellant.**

**No. 20000654.**

Supreme Court of Utah.

May 17, 2002.

Mark L. Shurtleff, Att'y Gen., Jeffrey T. Colemere, Asst. Att'y Gen., Salt Lake City, for plaintiff.

Travis E. Telford, pro se.

**PER CURIAM.**

¶1 Defendant Travis E. Telford was convicted of murder and received a sentence of five years to life. The Board of Pardons and Parole set his parole date in 2018. Telford petitioned for extraordinary relief. The district court denied the petition, the court of appeals affirmed, and this court declined to review the court of appeals' decision on certiorari. *See Telford v. Bd. of Pardons*, 29 P.3d 1 (Utah 2001).

¶2 Telford then moved for correction of his sentence under rule 22(e) of the Utah Rules of Criminal Procedure. The district court denied Telford's motion, and this appeal followed. Telford attacks the constitutionality of Utah's indeterminate sentencing scheme, section 77–18–4 of the Utah Code.

He claims indeterminate sentencing "forces the sentencing judge . . . to pass on his ultimate core judicial function of sentencing to the Utah State Board of Pardons and Parole," in violation of article V, section 1 of the Utah Constitution, the separation of powers clause. Telford also maintains indeterminate sentencing contravenes the Sixth and Eighth Amendments to the United States Constitution, and article I, sections 9 and 12 of the Utah Constitution. In particular, he maintains that because he was merely an accomplice to the murder, the State may not impose the same punishment on him as on his co-perpetrator or, for that matter, any other person who commits a crime classified as a first degree felony. Although his brief is not entirely clear on this issue, Telford appears to attack indeterminate sentencing on both per se and as applied grounds. We address his arguments as follows.

¶3 This court has already addressed and rejected the contention that Utah's indeterminate sentencing scheme violates the separation of powers clause. *See Padilla v. Bd. of Pardons*, 947 P.2d 664, 668–69 (Utah 1997). Telford has provided no basis for us to depart from our established precedent. We therefore reject his separation of powers argument.

¶4 To the extent Telford argues accomplice liability under section 76–2–202 of the Utah Code is a per se violation of the Eighth Amendment and article I, section 9 of the Utah Constitution, his contentions likewise fail. The accomplice liability provision requires the fact finder to determine that the accomplice had the same mental state as the person who directly committed the crime. *See* Utah Code Ann. § 76–2–202. Because the statute requires that accomplices bear a comparable degree of culpability to be convicted of the same level of offense, Telford's argument is meritless.

¶5 The balance of Telford's arguments are not properly raised under rule 22(e). The purpose of rule 22(e) is to allow correction of manifestly illegal sentences.[1]

---

1. For instance, rule 22(e) may be employed to correct a sentence under circumstances where the sentencing court had no jurisdiction, or to correct a sentence beyond the authorized statutory range. *See State v. Babbel*, 813 P.2d 86, 87 (Utah 1991).

As such, rule 22(e) claims are not restricted by time limits for bringing notice of appeal. Nor are they waived by failure to raise them at the first opportunity before the district court. "This makes theoretical sense because an illegal sentence is void and, like issues of jurisdiction, [may be raised] at any time." *State v. Brooks,* 908 P.2d 856, 860 (Utah 1995). For this reason, rule 22(e) claims must be narrowly circumscribed to prevent abuse. *See, e.g., State v. Reyes,* 2002 UT 13, ¶¶ 3–4, 40 P.3d 630, 631–32.

¶ 6 With respect to the Sixth Amendment and article I, section 12 of the Utah Constitution, Telford has raised no articulable basis for attacking his sentence. These clauses pertain only to rights of accused persons prior to conviction. They do not create any distinct rights related to sentencing. Therefore, rule 22(e) cannot serve as a vehicle for raising an argument pursuant to those clauses.

¶ 7 Finally, to the extent Telford's Eighth Amendment and article I, section 9 arguments contest the constitutionality of accomplice liability as applied to his particular case, he impermissibly attempts to employ rule 22(e) to attack his underlying conviction. Telford's argument that he was not guilty of a first-degree-felony-level offense is nothing more than an attack on the district court's factual findings regarding his particular level of culpability. As explained in *Brooks,* a defendant may not employ rule 22(e) to attack the underlying conviction. 908 P.2d at 860; *see also Reyes,* 2002 UT 13 at ¶¶ 3–4, 40 P.3d at 631–32. Thus, the argument is not properly before us.

¶ 8 Because we find the preceding grounds dispositive, we need not address the State's argument that Telford's rule 22(e) motion was barred by res judicata.[2] The district court's denial of Telford's rule 22(e) motion is affirmed.

---

2. The court of appeals has employed this doctrine to hold that arguments attacking the legality of a sentence that are raised on direct appeal or collateral attack may not be raised in a subsequent rule 22(e) motion. *See State v. Clark,* 913 P.2d 360, 362 (Utah Ct.App.1996).