2006 UT 86

**STATE of Utah, Plaintiff and Respondent,**

v.

**Gerald Steven WALLACE, Defendant and Petitioner.**

**No. 20051115.**

Supreme Court of Utah.

Dec. 19, 2006.

Mark L. Shurtleff, Att'y Gen., Matthew D. Bates, Charlene Barlow, Asst. Att'ys Gen., Salt Lake City, for plaintiff.

John P. Pace, Salt Lake City, for defendant.

WILKINS, Associate Chief Justice:

¶ 1 The defendant in this case was placed on twelve years of probation for six felony convictions related to his participation in a fraudulent investment scheme. He argues that Utah Code section 77–18–1(10)(a)(i) imposes a three-year limitation on his probation and that a twelve-year term of probation therefore constitutes an illegal sentence. We find no such limitation in that provision or elsewhere in the Utah Code and therefore affirm.

## BACKGROUND

¶ 2 The defendant, Gerald Steven Wallace, participated in a Ponzi scheme[1] that defrauded several homeowners of more than half a million dollars from the equity in their homes. He was convicted of selling an unregistered security, selling a security without a license, engaging in a pattern of unlawful activity, and three counts of securities fraud. The trial court sentenced him to four 1–to–15–year prison terms and two 0–to–5–year terms to run consecutively, potentially placing him in prison for the rest of his life. The court then suspended the prison terms and imposed 144 months (12 years) of probation.

¶ 3 The trial court explained that it was setting an extended period of probation specifically for the purpose of giving Wallace "as long an opportunity as possible to make restitution payments." The court imposed no fine but made Wallace jointly and severally liable with the other scheme participants for $626,000 in restitution. Recognizing the unlikelihood of Wallace ever being able to pay off the entire amount, the court ordered that a restitution plan be drawn up that would take into account both the severity of the charges and his ability to pay. As with any

probationer, Wallace was required to review and sign his probation agreement, acknowledging the terms of his probation. His alternative would have been to decline the terms and serve his sentence in prison.

¶ 4 Wallace appealed to the Utah Court of Appeals, challenging both the sufficiency of the evidence supporting his convictions and the legality of the twelve-year term of his probation. *State v. Wallace,* 2005 UT App 434, ¶¶ 7–9, 124 P.3d 259. The court of appeals affirmed on both issues, holding that although section 77–18–1(10)(a)(i) of the Utah Code states that a court "may" terminate probation at thirty-six months, nothing in the code requires it to limit probation to that amount of time. *Id.* ¶ 18. We granted certiorari on two issues: whether section 77–18–1(10)(a)(i) creates a thirty-six-month limitation for a term of probation as to any felony conviction; and whether terms of probation for multiple convictions may be imposed consecutively. Because we conclude that the Legislature has not limited terms of probation to any particular time period, we need not and do not reach the second issue.

## ANALYSIS

¶ 5 On certiorari, we review the decision of the court of appeals, not that of the trial court. *State v. Billsie,* 2006 UT 13, ¶ 6, 131 P.3d 239. Because the issues before us primarily present questions of statutory interpretation, which are questions of law, we review for correctness. *State v. Barrett,* 2005 UT 88, ¶ 14, 127 P.3d 682.

¶ 6 Before the court of appeals, Wallace challenged the legality of his twelve-year probationary term. He argued there, and here, that section 77–18–1(10)(a)(i) of the Utah Code of Criminal Procedure limits probation to a maximum of thirty-six months for one or more felony convictions and that his 144–month probation therefore constitutes an illegal sentence under Utah law. The State countered that the statute imposes no such limitation and that, even if it did, the Utah

---

1. A Ponzi scheme is a "fraudulent investment scheme in which money contributed by later investors generates artificially high dividends for the original investors, whose example attracts even larger investments." *Black's Law Dictionary* 1180 (7th ed.1999).

Criminal Code allows for consecutive terms of probation for multiple convictions. Under the latter theory, Wallace would be serving six consecutive two-year terms of probation, one for each of his six felony convictions. In this instance, however, the trial court entered an order for one 144–month term of probation, not six consecutive terms.

¶ 7 Under the Utah Criminal Code, "a court may sentence a person convicted of an offense ... to probation unless otherwise specifically provided by law." Utah Code Ann. § 76–3–201(2), (2)(c) (2003). Wallace argues that one such specifically provided limitation is found in section 77–18–1(10)(a)(i), which states, "Probation may be terminated at any time at the discretion of the court or upon completion without violation of 36 months probation in felony or class A misdemeanor cases, or 12 months in cases of class B or C misdemeanors or infractions."

¶ 8 Wallace urges us to interpret this provision as placing a three-year statutory limit on probation for felony convictions. Essentially, he argues that the provision should be read to say, "Probation *may* be terminated at any time at the discretion of the court, *but shall be terminated* upon completion without violation of 36 months probation...." The court of appeals, on the other hand, concluded that the phrase "may be terminated" applies to both "at any time" and "upon completion ... of 36 months." *See Wallace*, 2005 UT App 434, ¶ 18, 124 P.3d 259. This reading, Wallace suggests, renders half the provision superfluous. He argues that the word "or" operates to disjoin the "upon completion" clause from the initial verb phrase, "may be terminated." Consequently, he proposes that we should read into the statute an implied "shall" to supply the missing verb and to avoid the superfluity.

■ ¶ 9 When interpreting a statute, we must generally presume the legislature used each term thoughtfully. We therefore strive to give appropriate meaning to each term and to avoid an interpretation that renders

portions of the statute superfluous or inoperative. *See, e.g., State v. Tooele County*, 2002 UT 8, ¶ 10, 44 P.3d 680. That approach can be reasonably applied, however, only to statutes in which the plain language, or the language and legislative history combined, reasonably accommodates such a reading. In rare cases, where the statutory language supports no such reconciliatory interpretation, we "decline to insert ... a substantive [term] by judicial fiat." [2] Our task is to interpret the words used by the legislature, not to correct or revise them. When the words are clear, however incongruous they may appear in policy application, we will interpret them as written, leaving to the legislature the task of making corrections when warranted.

¶ 10 In this case, adopting Wallace's interpretation would require us to insert the term "shall" into the statute. We decline to do so for two reasons. First, the statute employs the permissive term "may" in contrast to the compulsory term "shall." Second, in the relevant provision's most recent amendment, the Utah Legislature specifically removed the term "shall" from the former version and replaced it with "may."

¶ 11 Prior to 1989, the statute read, "Upon completion without violation of 18 months' probation in felony or class A misdemeanor cases, or six months in class B misdemeanor cases, the probation period *shall* be terminated, unless earlier terminated by the court." [3] We held in *State v. Green* that this former language created a "strong mandate" requiring that probation terminate at the prescribed time absent violation. 757 P.2d 462, 464 (Utah 1988). In its next legislative session, however, the Legislature modified the statute to its current form, substituting "may" for "shall." *See* Probation Amendments, ch. 226, § 1, 1989 Utah Laws 690. We are not at liberty to change it back.

¶ 12 Wallace argues that the Legislature intended only to extend the prescribed time periods, leaving the mandated limitations

---

2. *Burns v. Boyden*, 2006 UT 14, ¶ 16, 133 P.3d 370; *see also Arredondo v. Avis Rent A Car Sys., Inc.*, 2001 UT 29, ¶ 12, 24 P.3d 928 (refusing to infer "substantive terms" into the text of a statute if they are "not already there").

3. Utah Code Ann. § 77–18–1(7)(a) (Supp.1987) (amended 1989) (emphasis added) (current version at Utah Code Ann. § 77–18–10(a)(i)).

otherwise intact. Had that been the Legislature's intent, however, it easily could have said so by simply increasing the specified time periods. Instead, it replaced "shall" with "may," and in the absence of any clear legislative indication to the contrary, we take the Legislature at its word.

¶ 13 As a consequence, we read the statute as it is written: a court *may* terminate probation for a felony at thirty-six months, or it may terminate probation at any other time. *See* Utah Code Ann. § 77–18–10(a)(i). Admittedly, when read in this fashion, the provision regarding 36 months is nearly meaningless, since the court may terminate probation "at any time." However, we find the defect to be irremediable without inserting meaningful terms that simply are not there. As a result, the provision does not impose any limitation on the length of probationary term that a court may impose.

¶ 14 In addition, we find no other provision that limits the term of probation and therefore conclude that our law currently provides no statutory limitation on the length of probation a trial court may impose.

¶ 15 In this case, the trial court acted pursuant to its authority under chapter 18 of the Utah Code of Criminal Procedure, providing that on "conviction of any crime or offense, the court may, after imposing sentence, suspend the execution of the sentence and place the defendant on probation." Utah Code Ann. § 77–18–1(2)(a). Here, the trial court suspended Wallace's six consecutive prison terms and imposed twelve years of probation in lieu of prison. The trial court acted within its discretion in doing so, and the court of appeals was correct in affirming that action.

## CONCLUSION

¶ 16 The Utah Code authorizes a court to impose probation as a sentencing alternative, but nowhere does it provide a limitation on the length of probation a court may set. Despite Wallace's entreaty that we interpret section 77–18–1(10)(a)(i) as creating such a limitation, we will not because we cannot do so without inserting terms that are not there and that the Legislature explicitly removed by amendment. We therefore hold that the Utah Code imposes no statutory time limitation on probation and that Wallace's twelve-year probation does not constitute an illegal sentence. Affirmed.

¶ 17 Chief Justice DURHAM, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Associate Chief Justice WILKINS' opinion.