2010 UT App 374

**STATE of Utah, Plaintiff and Appellant,**

v.

**Joshua Kane DANA, Defendant and Appellee.**

No. 20090910–CA.

Court of Appeals of Utah.

Dec. 23, 2010.

Mark L. Shurtleff and Laura B. Dupaix, Salt Lake City, for Appellant.

Aric Cramer, St. George, for Appellee.

Before Judges McHUGH, ROTH, and CHRISTIANSEN.

## OPINION

CHRISTIANSEN, Judge:

¶ 1 The State appeals the district court's sentence imposed upon defendant Joshua Kane Dana after he pleaded guilty to failure to register as a sex offender. We reverse and vacate the sentence imposed by the district court and remand for resentencing.

## BACKGROUND

¶ 2 In July 2007, the State charged Defendant with a third degree felony for his failure to register as a sex offender pursuant to Utah Code section 77–27–21.5(16)(a)(i). *See* Utah Code Ann. § 77–27–21.5(16)(a)(i) (Supp. 2010) [1] ("An offender who knowingly fails to register under this section or provides false

---

1. Utah Code section 77–27–21.5 has been amended and renumbered since the commission of the crime. *See* Utah Code Ann. § 77–27–21.5 amend. notes (Supp. 2010). Because no sub- stantive changes have been made to the relevant provisions, we cite to the current version of the code for the reader's convenience.

or incomplete information is guilty of ... a third degree felony and shall be sentenced to serve a term of incarceration for not less than 90 days and also at least one year of probation...."). Defendant subsequently pleaded guilty to a class A misdemeanor under Utah Code section 77–27–21.5(16)(a)(ii). *See id.* § 77–27–21.5(16)(a)(ii) (calling for the same sentence as a third degree felony). The court sentenced Defendant to a one-year jail term and then immediately suspended all of the jail time and placed Defendant on eighteen months of probation to be supervised by the Fifth District Court.[2]

## ISSUE AND STANDARD OF REVIEW

¶ 3 The State challenges the legality of the district court's sentence. Specifically, the State contends that the district court illegally suspended Defendant's one-year jail sentence and placed Defendant on probation for eighteen months without any jail time, in contravention of Utah Code section 77–27–21.5(16)(a)(ii), which mandates a minimum of ninety days jail time, *see id.* This issue presents a question of law that we review for correctness. *See State v. Thorkelson,* 2004 UT App 9, ¶ 9, 84 P.3d 854.

## ANALYSIS

■ ¶ 4 The State has a statutory right to appeal an illegal sentence. *See* Utah Code Ann. § 77–18a–1(3)(j) (2008) ("The prosecution may, as a matter of right, appeal from ... an illegal sentence."). Additionally, the State may appeal from an illegal sentence

under rule 22(e) of the Utah Rules of Criminal Procedure. *See* Utah R.Crim. P. 22(e) ("The court may correct an illegal sentence, or a sentence imposed in an illegal manner, at any time."). Indeed, "rule 22(e) allows an appellate court to 'vacate the illegal sentence without first remanding the case to the trial court, even if the matter was never raised before.'" *State v. Candedo,* 2010 UT 32, ¶ 9, 232 P.3d 1008 (quoting *State v. Brooks,* 908 P.2d 856, 860 (Utah 1995)). Thus, we need not determine whether the State preserved its argument "'because an illegal sentence is void and, like issues of jurisdiction, [may be raised] at any time.'" *Id.* (alteration·in original) (quoting *State v. Telford,* 2002 UT 51, ¶ 5, 48 P.3d 228 (per curiam)). We therefore determine only whether the district court imposed an illegal sentence.

■ ¶ 5 In determining what constitutes an illegal sentence, the appellate courts are cautious to "narrowly circumscribe[ ]" rule 22(e) claims "to prevent abuse." *Telford,* 2002 UT 51, ¶ 5, 48 P.3d 228. In particular, we must distinguish between an "ordinary or 'run-of-the mill error[ ]' regularly reviewed on appeal under rule 4(a) of the Utah Rules of Appellate Procedure," and a "'patently' or 'manifestly' illegal sentence." *Thorkelson,* 2004 UT App 9, ¶ 15, 84 P.3d 854.[3] "A 'patently' or 'manifestly' illegal sentence generally occurs in one of two situations: (1) where the sentencing court has no jurisdiction, or (2) *where the sentence is beyond the authorized statutory range.*" *Id.* (emphasis added).[4]

---

2. The State also charged Defendant with a class A misdemeanor under Utah Code section 53–3–806.5 for failure to maintain an identification card as a sex offender without a driver license. *See* Utah Code Ann. § 53–3–806.5 (2007). Defendant pleaded guilty to the offense, and the district court sentenced him to a one-year jail term, to run concurrently with the failure-to-register sentence, and then likewise suspended the jail time for this conviction. Neither this conviction nor the sentence is at issue here.

3. In *State v. Thorkelson,* 2004 UT App 9, 84 P.3d 854, we concluded that the defendant's challenged errors—"the court['s] fail[ure] to consider requisite statutory factors before imposing consecutive sentences," *id.* ¶ 12, and "the court['s] fail[ure] to adequately consider relevant mitigat-

ing evidence" resulting in a denial of due process, *id.* ¶ 11–were ordinary and did not qualify for rule 22(e) review. *See id.* ¶ 15. Similarly, in *State v. Garner,* 2008 UT App 32, 177 P.3d 637, *cert. denied,* 189 P.3d 1276 (Utah 2008), we denied the defendant's review under rule 22(e) because the challenged error—the court's failure "to consider proper factors before imposing an elevated minimum sentence"—did not rise to the level of patent or manifest illegality. *Id.* ¶ 18.

4. The Utah Supreme Court recently expanded the definition of an illegal sentence to include not only jurisdictional and statutory challenges but also constitutional challenges. *See State v. Candedo,* 2010 UT 32, ¶ 11, 232 P.3d 1008 (reaching the merits of the defendant's due process challenge under rule 22(e)).

¶ 6 The Utah Supreme Court has adopted the Tenth Circuit's further explanation of illegal sentences. "[An illegal sentence is] 'one,' " inter alia, " 'which the judgment of conviction did not authorize.' " *State v. Yazzie,* 2009 UT 14, ¶ 13, 203 P.3d 984 (alteration in original) (quoting *United States v. Dougherty,* 106 F.3d 1514, 1515 (10th Cir. 1997)); *see also id.* ¶ 16 (determining that the sentencing court had imposed an illegal sentence by failing to comply with a statutory requirement); *State v. Babbel,* 813 P.2d 86, 87 n. 1 (Utah 1991) (same). We therefore reject Defendant's argument that "beyond the authorized statutory range" encompasses only a challenge to an overlong sentence. "Beyond the authorized statutory range" does not preclude a challenge to a sentence that is shorter than the statute required, if the sentence fails "to comply with [an] express statutory provision[ ]," *see Candedo,* 2010 UT 32, ¶ 13, 232 P.3d 1008 (applying the same definition of an illegal sentence to a constitutional violation); *see also Yazzie,* 2009 UT 14, ¶ 13, 203 P.3d 984; *Babbel,* 813 P.2d at 87 n. 1.

¶ 7 The sentence the district court imposed and the subsequent suspension of the sentence was illegal because Defendant was relieved of serving the statutorily-mandated ninety-day jail sentence, *see* Utah Code Ann. § 77–27–21.5(16)(a)(ii) (Supp. 2010), despite the express provision that "[t]he court . . . may [not] release a person . . . from serving the term required under Subsection (16)(a)," *id.* § 77–27–21.5(16)(b). The statute further provides, "Subsection (16)(b) supersedes any other provision of the law contrary to this section." *Id.* Consequently, the district court's statutory authority to suspend a sentence, *see id.* § 77–18–1(2)(a) (stating that "the court may, after imposing sentence, suspend the execution of the sentence and place the defendant on probation"), is superseded by section 77–27–21.5(16)(b), *see id.* § 77–27–21.5(16)(b). *See State v. Jeffries,* 2009 UT 57, ¶ 9, 217 P.3d 265 (explaining "our duty to read and interpret statutory provisions in harmony with other provisions in the same statute and with other related statutes"). As a result of the district court's suspension, Defendant served no jail time. Therefore, the district court's sentence failed to comply with the plain and unambiguous language of both subsection 77–27–21.5(16)(a) and subsection 77–27–21.5(16)(b). *See generally id.* ¶ 7 ("When interpreting statutes, we first look to the plain language of the statute and give effect to that language unless it is ambiguous.").

### CONCLUSION

¶ 8 The district court erred when it suspended Defendant's sentence, thereby relieving him of the statutorily-mandatory ninety-day jail term. The sentence imposed by the district court was illegal under Utah Code section 77–27–21.5(16) and is therefore void. We reverse and vacate the sentence and remand to the district court for the limited purpose of correcting the sentence by imposing—without suspending—a minimum ninety-day jail term.

¶ 9 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge and STEPHEN L. ROTH, Judge.