2016 UT App 53

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
ROY DON ROBERTSON,
Appellant.

Per Curiam Decision
No. 20160051-CA
Filed March 24, 2016

Seventh District Court, Price Department
The Honorable George M. Harmond
Nos. 101700387, 111700160

Roy Don Robertson, Appellant Pro Se

Sean D. Reyes and Marian Decker, Attorneys
for Appellee

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN, and
KATE A. TOOMEY.

PER CURIAM:

¶1     Appellant Roy Don Robertson appeals the district court's denial of his motion to correct an illegal sentence pursuant to rule 22(e) of the Utah Rules of Criminal Procedure. We affirm.

¶2     Rule 22(e) states that a court "may correct an illegal sentence, or a sentence imposed in an illegal manner, at any time." Utah R. Crim. P. 22(e). An illegal sentence is one that "is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize." *State v. Yazzie*, 2009 UT 14, ¶ 13, 203 P.3d 984 (citation and internal quotation marks omitted). Rule 22(e)

"presupposes a valid conviction and therefore cannot be used as a veiled attempt to challenge the underlying conviction by challenging the sentence." *State v. Candedo*, 2010 UT 32, ¶ 9, 232 P.3d 1008 (citation and internal quotation marks omitted). "[U]nder rule 22(e), a defendant may bring constitutional challenges that attack the sentence itself and not the underlying conviction, and which do so as a facial challenge rather than an as-applied inquiry." *State v. Houston*, 2015 UT 40, ¶ 26, 353 P.3d 55.

¶3 In district court case number 101700387, the court sentenced Robertson to prison terms of zero to five years for theft and zero to five years for obstruction of justice and a jail term of zero to six months for criminal mischief, with the terms to run concurrently. In case number 111700160, the court sentenced Robertson to a prison term of zero to five years for theft and jail terms of zero to one year for assault against a police officer and zero to one year for burglary of a vehicle, with the terms to run concurrently. The court ordered the sentences in the two cases to run concurrently.[1] Finally, the court ordered restitution and recommended that Robertson be placed in the mental health treatment program at the Utah State Prison. A presentence investigation report prepared for sentencing revealed a criminal history dating back to 1980 that included convictions for several violent offenses, drug-related offenses, and theft offenses.

¶4 In his rule 22(e) motion, Robertson argued that his sentence was illegal because the prosecutor's inappropriate

---

1. Although Robertson's filing also refers to case number 041700057, that case was not addressed in the December 31, 2015 order on a motion to correct an illegal sentence that is the subject of this appeal. Therefore, no issues pertaining to that case are before this court on appeal.

overstatement of the severity of his criminal record caused an enhancement of his sentence. The district court rejected that claim because Robertson's theft was appropriately punished as a third degree felony under Utah Code section 76-6-412(1)(b)(ii). *See* Utah Code Ann. § 76-6-412(1)(b)(ii) (LexisNexis Supp. 2014). Under section 76-6-412, theft is punishable as a third degree felony if the actor has been convicted twice of any theft, robbery, or burglary with intent to commit theft, any fraud offense, or any attempt to commit those types of offenses within the previous ten years. In denying the rule 22(e) motion, the district court determined that, at the time of Robertson's sentencing in October 2012, his criminal history disclosed theft offenses within the past ten years—a burglary in 2004 and a retail theft in 2010. The district court correctly determined that Robertson's sentence was authorized by statute and was not illegal. In addition, the district court also properly rejected the claim that the State falsely enhanced Robertson's criminal history because the presentence investigation report disclosed a series of violent offenses.

¶5 To the extent that Robertson's rule 22(e) motion challenged the accuracy of the presentence investigation report, the district court correctly found that Robertson waived the claims because they were not raised at the time of sentencing. *See id.* § 77-18-1(6)(b).

¶6 Robertson also challenged the constitutionality of his sentence, arguing that the court imposed an enhanced sentence in retaliation for his exercise of his constitutional right to petition the government for redress of grievances, that the sentence was the result of a conspiracy, or that the sentence was disproportionate to his offenses and therefore constituted cruel and unusual punishment. These constitutional claims do not present a facial challenge to the statute under which he was sentenced and instead constitute an argument that the statute was applied in an unconstitutional manner. Because the

constitutional claims required a factual analysis and were not limited to a claim of facial unconstitutionality, the district court correctly concluded that the claims were beyond the scope of a rule 22(e) motion. *See Houston*, 2015 UT 40, ¶ 26.

¶7      Accordingly, we affirm the denial of the motion to correct an illegal sentence.

_____