2019 UT App 30

## THE UTAH COURT OF APPEALS

LEE RALPH JAMES,
Petitioner,

*v.*

THE HONORABLE ELIZABETH HRUBY-MILLS
AND WEST VALLEY CITY,
Respondents.

Opinion
No. 20180507-CA
Filed February 22, 2019

Original Proceeding in this Court

Kendall Peterson and Bradley G. Nykamp,
Attorneys for Petitioner

Brent M. Johnson and Michael C. Drechsel,
Attorneys for Respondent the
Honorable Elizabeth Hruby-Mills

Ryan D. Robinson and Cory D. Sherwin,
Attorneys for Respondent West Valley City

JUDGE RYAN M. HARRIS authored this Opinion, in which
JUDGES GREGORY K. ORME and DIANA HAGEN concurred.

HARRIS, Judge:

¶1 In this case, we are asked to determine whether the time-computation methodology set out in rule 2 of the Utah Rules of Criminal Procedure should be applied to compute the days during which a probationer is on probation. We conclude that it should, and therefore determine that the prosecutor's probation violation report was timely filed on the last day of Lee Ralph James's probation period. Accordingly, the district court correctly ruled that the justice court had authority to revoke

James's probation, and we therefore deny James's petition for extraordinary relief.

¶2     On November 12, 2014, in West Valley City Justice Court, James pled guilty to misdemeanor assault. The court imposed a jail sentence of 180 days, but suspended that sentence and placed James on probation "for twelve months." Among other conditions of probation, the court ordered James not to commit "violations of the law[,] save perhaps a minor traffic offense." Exactly one year later, on November 12, 2015, West Valley City (the City) prosecutors filed an affidavit in support of a motion for order to show cause, alleging that James had violated his probation by, among other things, committing another assault on November 5, 2015, before the expiration of the twelve-month probationary period. After holding an evidentiary hearing, the justice court found James to be in violation of his probation and sentenced him to additional jail time.

¶3     James appealed the justice court's decision to the district court, as is his right under rule 38 of the Utah Rules of Criminal Procedure, and argued that the order to show cause affidavit had been filed at least one day too late. He asserted that the "twelve-month" probationary period to which he had been sentenced had expired at midnight (i.e., 11:59 p.m.) on November 11, 2015, and that expiration of that time period deprived both the justice court and the district court of authority to revoke his probation. James further argued that, even though the alleged probation violation had occurred on November 5, during the probationary period, the City's failure to alert the court of that violation before the end of the probationary period deprived the court of authority to take action related to the alleged violation.

¶4     The district court initially agreed with James and dismissed his case, but later reconsidered its ruling and determined that, as calculated under the method set forth in rule

2 of the Utah Rules of Criminal Procedure, James's probationary period did not expire until midnight (i.e., 11:59 p.m.) on November 12, and the City had therefore timely filed its affidavit. The district court eventually found James in violation of probation and remanded the matter to the justice court, which sentenced James to sixty additional days in jail. Before serving his sixty-day sentence, James filed a petition for extraordinary writ with this court.[1]

¶5　　James argues that the twelve-month probationary period imposed by the justice court in 2014 expired before the filing of the City's probation violation report, thus divesting the court of

---

1. The City argues that this court lacks jurisdiction to grant extraordinary relief because parties are authorized to take an appeal from a district court's decision in a justice court appeal only if "the district court rules on the constitutionality of a statute or ordinance," which did not occur in this case. *See* Utah Code Ann. § 78A-7-118(8) (LexisNexis 2018). This language would be dispositive of our jurisdiction if James had pursued a direct appeal. But James filed a petition for extraordinary writ under rule 19 of the Utah Rules of Appellate Procedure. It is precisely because James could not appeal directly that he is able to seek extraordinary relief. *See* Utah R. Civ. P. 65B(a) (stating a party may seek extraordinary relief only when "no other plain, speedy and adequate remedy is available"). And James had already exhausted his available avenues for appeal, exactly as required of parties seeking extraordinary relief. *See Friends of Great Salt Lake v. Utah Dep't of Nat. Res.*, 2010 UT 20, ¶ 23, 230 P.3d 1014 ("Before we can address a petition for extraordinary relief, the petitioning party must have exhausted all available avenues of appeal." (quotation simplified)). Under the circumstances presented here, we have jurisdiction to grant extraordinary relief.

power to find him in violation of his probation. "A court's power to grant, modify, or revoke probation is purely statutory." *State v. Orr*, 2005 UT 92, ¶ 18, 127 P.3d 1213 (quotation simplified). Questions of statutory interpretation are questions of law which we review for correctness. *State v. Wallace*, 2006 UT 86, ¶ 5, 150 P.3d 540.

¶6 James's argument is premised upon two critical assumptions: first, that James's probationary period really did expire at midnight on the eleventh; and second, that the City's failure to file a probation violation report within that probationary period deprived the justice court of the power to revoke his probation even for violations that occurred within the probationary period.[2] Because we conclude that James's first assumption is infirm, we deny James's petition without reaching the merits of the second.[3]

¶7 The Utah Rules of Criminal Procedure "govern the procedure in all criminal cases in the courts of this state except juvenile court cases." Utah R. Crim. P. 1(b). Those rules have a provision—rule 2—that governs the computation of periods of time, and the version of rule 2 in effect at the time James was sentenced stated as follows:

---

2. In addition, both parties appear to assume that, if the City's probation violation report was filed within the probationary period, the justice court had authority to adjudicate the allegations related to the probation violation, even if that adjudication was not completed prior to the expiration of the probationary period. Because we are not asked to do so, we do not address the validity of this assumption.

3. We asked for supplemental briefing on the second issue, and we appreciate the parties' helpful submissions, even though we do not reach the merits of the issue.

> In computing *any period of time*, the day of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday.

Utah R. Crim. P. 2(a) (2014) (emphasis added).[4] If the method of time computation prescribed by rule 2 is applicable to computation of James's probationary period, then that period ended at the end of the day on November 12, 2015, rather than the day before, and the City's probation violation report was filed a few hours before that period ended.[5]

---

4. Rule 2 was significantly changed in 2015. *See* Utah R. Crim. P. 2, amendment notes (stating that "[t]he 2015 amendment rewrote the rule"). Neither party has fully briefed the question of whether the current version of rule 2 should apply, or whether the version in effect at the time of James's sentencing should apply. Ultimately, the question is academic, because—assuming rule 2 applies at all—the computation of James's probationary period is the same regardless of which version of the rule applies. *See id.* (stating that the current rule's time-computation formula applies "in computing any time period specified in . . . any . . . court order, or in any statute that does not specify a method of computing time," and setting forth a method for computing time that, as applied to this case, results in the identical computation as obtained under the 2014 version of the rule). Out of an abundance of caution, however, we cite here to the version of rule 2 that was in force at the time of James's sentencing, and we cite to both versions of the rule at various points in this opinion.

5. Under rule 2's system of time computation, James's probationary period would still have extended through

(continued…)

¶8    James resists the application of rule 2's time-computation methods in this case, and argues, for several reasons, that application of rule 2 would impermissibly lengthen his probationary period from "twelve months" to "twelve months plus one day."

¶9    First, James argues that application of rule 2 would violate Utah Code section 77-18-1(10)(a)(i) (LexisNexis 2014), which limits probation for class B misdemeanors to twelve months. This argument is misguided. As an initial matter, the statute does not define the term "twelve months," or give any indication as to how that period of time is to be computed. Thus, there is no indication, from the statutory language, that defining "twelve months" by reference to rule 2 would be contrary to legislative intent.[6] Indeed, the 2014 version of rule 2 applies to "any period of time" applicable in a criminal case, *see* Utah R. Crim. P. 2(a) (2014), and the current version of rule 2 specifically applies to "any time period . . . in any statute that does not specify a method of computing time," *see id.* R. 2(a) (2018).

_____

(…continued)
November 12, 2015, even if the day-counting had begun on November 11, 2014 (instead of on November 12, 2014). This is because November 11, 2015 was Veterans' Day, a legal holiday that, under rule 2, cannot serve as the last day of the period.

6. James cites, and we have found, no statute governing how probationary periods—whether dictated by statute or by court order—are to be computed. Presumably, the legislature knew how the courts compute time when it enacted the probation statutes; the courts' method is found in both rule 2 of the Utah Rules of Criminal Procedure and rule 6 of the Utah Rules of Civil Procedure. If the legislature had intended for a method of counting time different than the one set forth in rule 2, it could have so stated.

¶10    Moreover, our supreme court has held that section 77-18-1(10)(a)(i) does not contain a firm statutory cap on the length of probationary periods, because the statute provides that "[p]robation may be terminated at any time at the discretion of the court." *Wallace*, 2006 UT 86, ¶ 13 (stating that the governing statute "does not impose any limitation on the length of probationary term that a court may impose," and that therefore the statutory cap on probation time "is nearly meaningless, since the court may terminate probation 'at any time'"); *see also State v. Candedo*, 2010 UT 32, ¶ 15, 232 P.3d 1008 ("[A] sentencing court has full discretion to determine the length of a defendant's probation under Utah's probation statute.").

¶11    Second, James argues that, even without a firm statutory cap, the district court chose to sentence him to "twelve months" probation, rather than some longer period, and James correctly points out that—absent some language to the contrary in the sentencing order—a probationer's probationary period begins immediately upon sentencing (rather than beginning the next day). *See generally State v. Love*, 2014 UT App 175, 332 P.3d 383; *State v. Moya*, 815 P.2d 1312 (Utah Ct. App. 1991). But these facts do not mean that James's probationary period, if computed according to rule 2, would be for a period longer than "twelve months." As noted, the 2014 version of rule 2 applies to "any period of time" applicable in a criminal case, *see* Utah R. Crim. P. 2(a) (2014), and the current version of rule 2 specifically applies to "any time period specified in . . . any . . . court order," *see id.* R. 2(a) (2018).[7] In the name of uniformity, rule 2 sets forth specific

---

7. Indeed, Utah courts seem to have taken it as a given that this is how a probationary period is computed. *See, e.g., State v. Orr*, 2005 UT 92, ¶¶ 2–4, 127 P.3d 1213 (describing Orr's probation as running through May 12, 2003, when Orr was sentenced to thirty-six months of probation on May 12, 2000); *State v. Call*,

(continued…)

rules for the computation of time periods, including "twelve months," and we perceive nothing unlawful about the fact that, in most cases (including James's case), depending on factors such as the time of day in which the sentencing occurs, this method of computation will result in the term "twelve months" being used to refer to probationary periods that end up being several hours longer than 365 days/8,760 hours.[8]

---

(…continued)

1999 UT 42, ¶¶ 2, 12, 980 P.2d 201 (describing Call's probation as expiring on either April 3 or April 8, 1995, depending on whether Call's three years of probation began on April 3 or April 8, 1992); *State v. Dickey*, 841 P.2d 1203, 1206 (Utah Ct. App. 1992) (describing Dickey's probation as running through November 19, 1986, when Dickey was sentenced to twelve months of probation on November 19, 1985).

8. Nor does the use of a procedural rule to set the hour and the day that concludes "twelve months" transform a definite sentence into an indefinite one. James is correct that Utah case law indicates that probationary periods cannot be indefinite. *See State v. Candedo*, 2010 UT 32, ¶ 22, 232 P.3d 1008 (stating that "defendants . . . are not held under probation indefinitely"). But defining the time period through the lens of rule 2 does not make the period indefinite; indeed, rule 2 provides a uniform, predictable way to compute such periods. Moreover, James goes too far when he implies that applying rule 2 to computation of probationary periods would allow the prosecuting entity to make motions, pursuant to rule 2(b), to extend the time period. It does not necessarily follow, simply from application of rule 2(a) to this situation, that rule 2(b) would also apply. The federal courts, in interpreting the analogous rule 6 of the Federal Rules of Civil Procedure, have held that, while the time-counting provisions of rule 6(a) are used to define statutory limitation

(continued…)

¶12    Third, James argues that rule 2—like all of the rules of criminal procedure—is intended to apply only to "procedural" matters, *see* Utah R. Crim. P. 1(b) (stating that the rules "shall govern the procedure in all criminal cases"), and posits that the computation of his probationary period is a substantive (rather than a procedural) matter. The computation of time strikes us as an intuitively procedural matter, *see Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407 (2010) (plurality opinion) (stating that a rule "regulate[s] procedure" if "it governs only the manner and the means by which the litigants' rights are enforced," but not if it "alters the rules of decision by which the court will adjudicate those rights" (quotation simplified)), but even if we were to consider the computation of time associated with a probationary period to be "substantive,"[9] we are still convinced that rule 2 would apply.

---

(…continued)

periods, courts may not use the other provisions of rule 6 to extend periods of time beyond those set by Congress. *See, e.g.*, *Argentine Republic v. National Grid Plc*, 637 F.3d 365, 368 (D.C. Cir. 2011) (per curiam) ("Every court to have considered this question has held that Rule 6(b) may be used only to extend time limits imposed by the court itself or by other Federal Rules, but not by statute.").

9. In his briefing, James does not do much to address the complexities of the substance-procedure distinction, which can be a "slippery" one. *See State v. Rettig*, 2017 UT 83, ¶ 56 n.11, 416 P.3d 520 (discussing the "slippery, varying nature" of the terms "substance" and "procedure" and how a law may be substantive in one context but procedural in another); *see also Orr*, 2005 UT 92, ¶ 18 (describing the provisions of Utah Code section 77-18-1 as setting forth "procedures"). Partly for this reason, we assume without deciding that application of rule 2 in this context could

(continued…)

As an initial matter, James reads too much into rule 1(b): that rule's mention of the uncontroversial fact that the rules of criminal procedure govern procedural issues should not be read to exclude the possibility that the rules might also include discussion of some substantive issues. Examination of the rules as a whole reveals that they include discussion of a number of issues that arguably could be considered substantive, or that at least have significant constitutional implications. *See, e.g., id.* R. 7B(b) (discussing the probable cause standard that applies at preliminary hearings); *id.* R. 8(a) (stating that a defendant "has the right to self representation, and if indigent, has the right to court-appointed counsel" in most cases); *id.* R. 40(b) (stating that "[p]roperty or evidence may be seized pursuant to a search warrant if there is probable cause to believe" that the property was unlawfully acquired or is connected to illegal conduct).

¶13   Moreover, although to our knowledge no Utah appellate court has spoken on this matter, federal courts have applied their analogous rule-based time-counting methodology to the computation of probationary time periods. *See e.g., United States v. Strada*, 374 F. Supp. 680, 683 (W.D. Mo. 1974) (applying the time-counting methods from rule 45 of the Federal Rules of Criminal Procedure to compute the length of a defendant's probationary period), *aff'd*, 503 F.2d 1081 (8th Cir. 1974); 8A Fed. Proc., L. Ed. § 22:34 (2019) ("Where a defendant is given a five-year probation commencing on March 28 of a particular year, the period of the probation runs to and includes all of the day of March 28 in the fifth following year.").

---

(…continued)
be considered substantive, and stop short of making any broad judgment about the matter.

¶14 Finally, our legislature has delegated to the courts the authority to impose probationary terms essentially without limit. *See Wallace*, 2006 UT 86, ¶ 13. Utah courts derive their power to impose and revoke probation from statute. *Orr*, 2005 UT 92, ¶ 18; *see also State v. Green*, 757 P.2d 462, 464 (Utah 1988) (stating that "the power to revoke probation must be exercised within legislatively established limits"). And without a statutory limit on the length of probation, the application of rule 2 to this case does not, as James contends, "alter, expand or modify the substantive law." Indeed, as the probation statute has been interpreted by our supreme court, the legislature gave the courts the power to sentence defendants to probation for any amount of time the courts see fit, and the courts' decision to define how that time period should generally be computed—absent a more specific provision in the applicable court order—strikes us as entirely in keeping with the mandates of the substantive law.

¶15 James was sentenced to "twelve months" probation on November 12, 2014. Rule 2 of the Utah Rules of Criminal Procedure applies here to provide the definition of the term "twelve months" and, under that computation method, James's probationary period ended at midnight (i.e., 11:59 p.m.) on November 12, 2015. Accordingly, because the City's order to show cause affidavit was filed a few hours before the conclusion of that probationary period, the justice court had power to consider the City's affidavit and revoke James's probation.

¶16 Petition denied.

———————