11 WRIT GRANTED. MADE PEREMPTORY.
*1260 In this traffic-stop situation, the defendant was placed under arrest for driving while intoxicated after the officer smelled alcohol and conducted a field sobriety test on the defendant. With arrangements underway for someone related to defendant to obtain the vehicle and prevent its im-poundment, an officer at the scene removed defendant’s purse from the vehicle and examined its contents. The purse revealed a baggie of methamphetamines, straws and a pipe.
The defendant was charged with possession of methamphetamines, a Schedule II controlled dangerous substance. Following a suppression hearing, the trial court ruled the search of the purse to be a violation of the Fourth Amendment’s protections. The state requests that we exercise our supervisory powers to reverse the adverse trial court ruling suppressing the utilization at trial of evidence seized from the defendant’s purse subsequent to her arrest for D.W.I., La. R.S. 14:98.
|2Though a number of ancillary issues[1] could be discussed in any Fourth Amendment analysis of these facts, only one exception to the warrant requirement is necessary here for us to validate the search and seizure and to reverse the ruling of the trial court.
Under Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), if an occupant of a vehicle is arrested the current doctrine of Search Incident to Arrest allows only two ways in which the passenger compartment (and any containers therein) may be searched, as a contemporaneous incident of the arrest.
The first exception (an unshackled ar-restee, still near the car) is inapplicable to the current facts.
The second exception allows law enforcement to search the passenger compartment incident to arrest, together with any containers located therein, if there is a reasonable belief (reasonable suspicion) that evidence of the crime of arrest is in the car. Of any genre of crime, the one most likely to fit this criteria would be the arrest of an impaired operator. The observed impairment of the driver in this case, while clearly involving alcohol, raises the considerable possibility for the involvement of other drugs used by the defendant. It is therefore reasonable to believe that evidence of the crime of arrest (beer bottles, pills, other drugs) would be located in the vehicle being unlawfully operated by the arrestee and in her purse.
Accordingly, we vacate the trial court’s suppression of the evidence seized from the defendant’s purse and remand for further proceedings consistent with this ruling.
REVERSED AND REMANDED.

. Other arguable exceptions to the warrant requirement:
• a probable cause search of the entire vehicle, or
• an inventory of the vehicle and its containers, or
• consent.