2014 UT App 175

**STATE of Utah, Plaintiff and Appellee,**

v.

**Ceazar Cedric LOVE, Defendant and Appellant.**

**No. 20130027–CA.**

Court of Appeals of Utah.

July 25, 2014.

Matthew D. Carling, for Appellant.

Sean D. Reyes and Jeanne B. Inouye, for Appellee.

Senior Judge JUDITH M. BILLINGS authored this Memorandum Decision, in which Judges J. FREDERIC VOROS JR. and JOHN A. PEARCE concurred.[1]

BILLINGS, Senior Judge:

¶ 1 Ceazar Cedric Love argues that the district court violated his due process rights by revoking his probation based on a violation of his probation terms that happened before he was actually on probation. Love essentially argues that the jail term he was serving when the violation occurred was not part of probation but that he was serving part of his suspended incarceration term. Love alternatively argues that the evidence

was not sufficient to support a finding that he willfully violated the conditions of his probation as he did not understand he was on probation while serving time in jail. We affirm.

¶ 2 On January 31, 2012, Love pleaded guilty to charges in two separate cases. On March 13, 2012, the district court sentenced Love to prison in both cases but also stayed the sentence in each case and ordered probation, which included a term of incarceration in the Iron County Jail. In June 2012, while he was in jail, Love spat at a correctional officer, which led to a charge of propelling a substance at a correctional officer. Love pleaded guilty to this offense as well. This subsequent charge led to the December 2012 revocation of Love's probationary status in the two original cases. Love argues that such revocation was in error because his probationary term had not yet commenced when he spat at the officer and the evidence was not sufficient to support revocation.

¶ 3 "Generally, in order to preserve an issue for appeal the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *Pratt v. Nelson*, 2007 UT 41, ¶ 15, 164 P.3d 366 (citation and internal quotation marks omitted). The Utah Supreme Court has set forth three factors to use in assessing whether the trial court had such an opportunity: "(1) the issue must be raised in a timely fashion; (2) the issue must be specifically raised; and (3) a party must introduce supporting evidence or relevant legal authority." *Id.* (citation and internal quotation marks omitted). "Where there is no clear or specific objection and the specific ground for objection is not clear from the context[,] the theory cannot be raised on appeal." *State v. Low*, 2008 UT 58, ¶ 17, 192 P.3d 867 (alteration in original) (citation and internal quotation marks omitted).

¶ 4 Although Love's counsel argued against the revocation of probation, he made no argument that Love had not yet technically been on probation. Love relies on select language in asserting that such an argument

1. The Honorable Judith M. Billings, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

was made. But when those statements are read in context, it appears that counsel's argument was simply a plea to give Love a chance to try probation again:

Essentially the only thing that's really happened since the time that he was sentenced in this case is that he had this incident in the jail where he, he spat. He was sentenced on the—March 13 to both of those two felony matters. His release date would have been January of this, this coming year. He's, he's not been out on the streets. He's been in the jail.

. . . .

So essentially what we have here is we, we have poor behavior at the jail around that June time that—at least that we've got reports of. And we've got no time out on the streets to know really how he's gonna act or how he's gonna behave on probation.

These are his first felonies as an adult. And essentially he's not really been on a *true* probation where he's been out and been checking in and doing what he's required to do as a term of his probation. Essentially he had this incident at the jail, and he's being deemed a risk, and therefore let's send him to prison.

He's simply asking for the opportunity to be out on the probation. He, he did have this incident, but since then there's been zero incidents. He's asking your Honor to revoke and *restart his probation* to give him the opportunity on the outs to have his probation officer see his performance.

And if the Court wants to put him on an extremely tight leash, so be it. But essentially he has—he's not really been permitted to perform on probation *other than his behavior at the jail.* And for that he certainly is [regretful] of what, what happened.

So essentially that's what we're asking for is an opportunity to be on the outs and, and have his probation be supervised. Actually be supervised and actually be on the outs.

(Emphasis added.) Counsel made no mention of Love's due process rights, nor did he specifically state that probation had not yet commenced. Indeed, earlier in the hearing, the district court asked, "And [Love] was placed on probation, let's see, in—was it March?" and counsel replied in the affirmative. When considering the argument as a whole, there is simply no indication that counsel believed that probation had not yet commenced, let alone any argument advanced to raise that issue to the attention of the district court. Counsel was simply asking the district court to *restart* probation and give Love another chance to prove himself; counsel made no suggestion that the court would be violating Love's due process rights by choosing to revoke probation. Likewise, counsel made no reference to probation revocation being inappropriate due to a lack of evidence to show a willful violation. Thus, these arguments are not preserved for appellate review.

¶ 5 Love argues that even if his claims are not preserved we should nevertheless consider them.

When a party fails to preserve an issue for appeal, we will address the issue only if (1) the appellant establishes that the district court committed plain error, (2) exceptional circumstances exist, or (3) in some situations, if the appellant raises a claim of ineffective assistance of counsel in failing to preserve the issue.

*Low*, 2008 UT 58, ¶ 19, 192 P.3d 867 (citation and internal quotation marks omitted).

¶ 6 Love argues that we may review his claims under the theories of plain error and ineffective assistance of counsel. "In general, to establish the existence of plain error and to obtain appellate relief from an alleged error that was not properly objected to, the appellant must show the following: (i) An error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful. . . ." *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993). "To show ineffective assistance of counsel, a defendant must (i) identify specific acts or omissions by counsel that fall below the standard of reasonable professional assistance when considered at the time of the act or omission and under all the attendant circumstances, and (ii) demonstrate that counsel's error preju-

diced the defendant...." *Id.* at 1225 (citing *Strickland v. Washington,* 466 U.S. 668, 690–91, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

¶ 7 "To establish that the error should have been obvious to the trial court, [an appellant] must show that the law governing the error was clear at the time the alleged error was made." *State v. Dean,* 2004 UT 63, ¶ 16, 95 P.3d 276. Similarly, "[c]ounsel cannot be faulted for failing to advance a novel legal theory which has never been accepted by the pertinent courts." *Commonwealth v. Jones,* 571 Pa. 112, 811 A.2d 994, 1005 (2002). Love recognizes that "the question of when a probation period commences may have yet to be determined by this Court or the Utah Supreme Court." However, he argues plain error and ineffective assistance of counsel because the law "is well-settled with regard to the notification required to be given to [him] with regard to his probationary period and the conditions placed upon him." *See generally State v. Ruesga,* 851 P.2d 1229, 1231 (Utah Ct.App. 1993) ("[D]ue process certainly requires conditions of probation to be clear enough so that defendant has notice as to what constitutes a probation violation...."). That is, Love argues that the underlying judgments were not sufficiently clear as to when probation would commence, which would also make any violation of probationary terms while in jail not a willful violation of probation conditions. We disagree.

¶ 8 As Love has argued, " '[t]he controlling consideration in interpreting when a probation period commences is the intention of the Court imposing the sentence, to be found in the language employed to create the probationary status.' " (Alteration in original) (quoting *United States v. McElroy,* 52 Fed. Appx. 110, 112 (10th Cir.2002).) By their plain language, the judgments of which Love complains both stay his sentences that include incarceration in the Utah State Prison and commence probationary periods that include jail time:

SENTENCE

IT IS HEREBY ORDERED ... that the Defendant, CEAZAR CEDRIC LOVE, and pursuant to his conviction ..., shall serve a term of imprisonment ... in the Utah State Prison....

. . . .

STAY OF EXECUTION OF SENTENCE

IT IS HEREBY ORDERED that the execution of the terms of incarceration imposed and the fines imposed in this case are hereby stayed, pending the Defendant's strict adherence to and compliance with *the following terms and conditions of probation.*

ORDER OF PROBATION ...

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Defendant, CEAZAR CEDRIC LOVE, is *hereby placed on probation ...* strictly within the following terms, provisions, and conditions:

. . . .

3. The Defendant shall commit no law violations during the period of this probation.

4. The Defendant shall serve a term of incarceration in the Iron County Jail....

(Emphasis added.) The judgments adequately indicated that probation was commencing at the time of the judgments and that the enumerated elements, including the jail time, were conditions of probation. This is entirely consistent with Utah Code provisions regarding probation: *"While on probation,* and as a condition of probation, the court may require that the defendant ... serve a period of time, not to exceed one year, in a county jail...." Utah Code Ann. § 77–18–1(8) (LexisNexis 2012) (emphasis added). Love points us to no authority that would support his suggestion that when jail time is a condition of probation, the probationary period does not commence until that condition has been satisfied.

¶ 9 Because the judgments were clear as to when probation started and that the jail time was considered a condition of probation, we cannot say that Love was inadequately notified of the commencement of his probationary term or the probationary requirements that he was under. We therefore do not see

that trial counsel was ineffective in not pursuing an argument to the contrary or that the district court plainly erred.

¶ 10 We affirm.