2018 UT App 76

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
BENJAMIN BROCKSMITH,
Appellant.

Opinion
No. 20160680-CA
Filed April 26, 2018

Second District Court, Ogden Department
The Honorable Joseph Bean
No. 141901838

Samuel P. Newton, Cherise M. Bacalski, and Emily
Adams, Attorneys for Appellant

Sean D. Reyes and Marian Decker, Attorneys
for Appellee

JUDGE DIANA HAGEN authored this Opinion, in which JUDGES
DAVID N. MORTENSEN and RYAN M. HARRIS concurred.

HAGEN, Judge:

¶1      Benjamin Brocksmith appeals his two convictions for
negligently operating a motor vehicle causing death or serious
bodily injury while knowingly and intentionally having a
measurable amount of a controlled substance in his body.
Because we conclude that trial counsel did not perform
deficiently in failing to raise the specific federal and state
constitutional issues that Brocksmith now raises on appeal, we
affirm.

### BACKGROUND[1]

¶2  Brocksmith was driving northbound on Wall Avenue in Ogden when his SUV veered into the southbound lanes and collided with another vehicle, inflicting serious bodily injury on the vehicle's driver and a passenger. After Brocksmith admitted that he had used "marijuana over the weekend," the investigating officer obtained a search warrant to conduct a blood draw. Blood analysis revealed the presence of tetrahydrocannabinol (THC) and THC metabolite.

¶3  The State subsequently charged Brocksmith with two violations of Utah Code section 58-37-8(2)(g)–(h)(ii) (the Measurable Amount Statute), which makes it a crime for a person to operate a motor vehicle in a negligent manner causing serious bodily injury or death while knowingly and intentionally having a measurable amount of a controlled substance in the person's body.

¶4  During trial, Brocksmith orally moved to dismiss the charges against him, arguing that the Measurable Amount Statute is unconstitutional on its face and as applied under both the United States and Utah Constitutions. Brocksmith did not submit a memorandum in support of his motion to dismiss nor did he provide any legal authority to bolster his contention. In fact, when the trial court asked him to "elaborate a little further" by pointing to the "elements of the code section that [he found] unconstitutional," Brocksmith could not identify the sections of the code at issue or any specific constitutional basis for his

---

1. "On appeal from a jury verdict, we view the evidence and all reasonable inferences in the light most favorable to that verdict and recite the facts accordingly. We include conflicting evidence as relevant and necessary to understand the issues on appeal." *State v. Calvert*, 2017 UT App 212, n.1, 407 P.3d 1098 (quotation simplified).

argument. Instead, he noted only that the statute does not provide a "causal nexus" "between the fact that there's some trace amount of substance in someone's blood and [the fact] that they caused an accident." In other words, "but for this substance allegedly being in Mr. Brocksmith's system, there would be no criminal count here."

¶5     The trial court denied the motion to dismiss, ruling that the Measurable Amount Statute is constitutional both on its face and as applied to Brocksmith. The jury convicted Brocksmith on both charged counts. Brocksmith timely appeals.

ISSUE AND STANDARD OF REVIEW

¶6     Brocksmith contends that he received ineffective assistance of counsel because trial counsel failed to adequately raise federal and state constitutional challenges to the Measurable Amount Statute. "When a claim of ineffective assistance of counsel is raised for the first time on appeal, there is no lower court ruling to review and we must decide whether the defendant was deprived of the effective assistance of counsel as a matter of law." *Layton City v. Carr*, 2014 UT App 227, ¶ 6, 336 P.3d 587 (quotation simplified).

ANALYSIS

¶7     Brocksmith concedes that two of his issues—whether the Measurable Amount Statute violates the uniform operation of laws clause of the Utah Constitution and whether the statute is unconstitutionally vague—are unpreserved and asks us to review those arguments under the ineffective assistance of counsel exception to the preservation requirement. But Brocksmith maintains that he preserved his third issue in which he argues that the Measurable Amount statute is unconstitutional because it "lacks a causation element and

[therefore] creates a presumption of guilt." We begin by analyzing whether Brocksmith preserved the causation argument. Because we conclude that he did not, we next consider whether Brocksmith's trial counsel performed ineffectively by failing to raise the constitutional challenges that Brocksmith asserts on appeal.

## I. Preservation

¶8     Brocksmith contends that the third issue—whether the Measurable Amount statute is unconstitutional because it lacks a causation element—was preserved because he argued to the trial court that the statute lacked a "causal nexus." We conclude that this issue was not properly preserved.

¶9     "As a general rule, claims not raised before the trial court may not be raised on appeal." *State v. Davie*, 2011 UT App 380, ¶ 15, 264 P.3d 770 (quotation simplified). "To preserve an issue for appeal, a party must present it to the trial court in such a way that the trial court has an opportunity to rule on that issue." *State v. Bruun*, 2017 UT App 182, ¶ 33, 405 P.3d 905 (quotation simplified). In deciding whether the trial court had such an opportunity, we consider three factors: "(1) the issue must be raised in a timely fashion, (2) the issue must be specifically raised, and (3) the challenging party must introduce supporting evidence or relevant legal authority." *State v. McDaniel*, 2010 UT App 381, ¶ 2, 246 P.3d 162 (quotation simplified). This rule "applies to every claim, including constitutional questions." *State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346.

¶10     Because Brocksmith failed to introduce relevant legal authority, we conclude that the causation issue is unpreserved. "A party may not claim to have preserved an issue for appeal by merely mentioning an issue [to the trial court] without introducing supporting evidence or relevant legal authority." *Pratt v. Nelson*, 2007 UT 41, ¶ 15, 164 P.3d 366 (quotation simplified). When pressed by the trial court, Brocksmith failed to

point to any relevant legal authority to support his argument that criminal statutes must include a causation element. Indeed, he did not even identify any specific constitutional provision that might impose such a requirement. Such a cursory mention of the issue did not provide the trial court with "an opportunity to address a claimed error and, if appropriate, correct it." *Id.* (quotation simplified). Accordingly, we proceed by analyzing whether trial counsel was ineffective for failing to raise the three issues[2] that Brocksmith presents on appeal. *See State v. Alzaga*, 2015 UT App 133, ¶ 40, 352 P.3d 107 (explaining that "because [the defendant] did not preserve his claims before the trial court, he must establish plain error, ineffective assistance of counsel, or exceptional circumstances to warrant review by this court" (quotation simplified)).

## II. Ineffective Assistance of Counsel

¶11 Brocksmith contends that he received ineffective assistance of counsel to the extent that his trial counsel failed to raise three constitutional challenges to the Measurable Amount Statute. Specifically, Brocksmith claims that the Measurable Amount Statute violates Utah's uniform operation of laws provision, that it is unconstitutionally vague, and that it is unconstitutional because it lacks a causation element. We reject his argument that any reasonably competent trial counsel would have raised these novel issues.

¶12 Under *Strickland v. Washington*, 466 U.S. 668 (1984), to prevail on an ineffective assistance of counsel claim, a defendant must demonstrate both that "counsel's performance was

---

2. In light of the Utah Supreme Court's holdings in *State v. Ainsworth*, 2017 UT 60, and *State v. Outzen*, 2017 UT 30, 408 P.3d 334, Brocksmith withdrew several arguments that had been presented in his opening brief. Accordingly, the scope of our review is limited to the three remaining arguments.

deficient" and that "the deficient performance prejudiced the defense." *Id.* at 687; *see also State v. Litherland*, 2000 UT 76, ¶ 19, 12 P.3d 92 (following *Strickland*'s two-part test). Failure to establish either element defeats a claim for ineffective assistance of counsel. *See Strickland*, 466 U.S. at 700.

¶13   In evaluating counsel's performance under the first element, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To overcome that strong presumption, a defendant "must show that counsel's representation fell below an objective standard of reasonableness" as measured against "prevailing professional norms." *Id.* at 688. In other words, Brocksmith must show that no reasonable trial attorney would have failed to make the arguments advanced on appeal. *See State v. Curtis*, 2013 UT App 287, ¶ 35, 317 P.3d 968.

¶14   In this case, we need not reach the prejudice element, because trial counsel's failure to challenge the constitutionality of the Measurable Amount Statute did not constitute objectively deficient performance. Where "a claim of ineffectiveness [is] based on an oversight or misreading of law, a defendant bears the burden of demonstrating why, on the basis of the law in effect at the time of trial, his or her trial counsel's performance was deficient." *State v. Dunn*, 850 P.2d 1201, 1228 (Utah 1993). "Counsel cannot be faulted for failing to advance a novel legal theory which has never been accepted by the pertinent courts." *State v. Edgar*, 2017 UT App 53, ¶ 18, 397 P.3d 670 (quotation simplified).

¶15   Brocksmith has failed to cite any legal authority in effect at the time of his trial suggesting that the Measurable Amount Statute violated the state constitution's uniform operation of laws provision, that it was unconstitutionally vague, or that the constitution requires such a statute to contain a causation

element.[3] *See Dunn*, 850 P.2d at 1228. Accordingly, "counsel's decision not to raise an issue unsupported by then-existing precedent did not constitute ineffective assistance." *Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002).

¶16   We recognize that failure to raise a constitutional challenge that has yet to be accepted by the pertinent courts could constitute ineffective assistance in an appropriate case. *See Taylor v. State*, 2007 UT 12, ¶¶ 119–20, 156 P.3d 739 (recognizing the possibility that failure to raise a constitutional challenge to the death penalty could constitute ineffective assistance under certain circumstances). Certainly, there need not necessarily be a case on point declaring the particular statute at issue unconstitutional; indeed, one can envision situations in which a statute would clearly violate established constitutional principles, even if no court has yet applied those principles to the statutory language in question. Where the statute clearly violates established constitutional principles, any reasonable attorney would be expected to challenge its validity. But where the statute is not clearly unconstitutional, a defendant is not deprived of the effective assistance of counsel merely because his attorney does not advance every conceivable non-frivolous argument. *See id.* ¶ 119.

---

3. After briefing in this appeal was complete, Brocksmith obtained new attorneys who filed notices of supplemental authority and a motion to rebrief the ineffective assistance of counsel argument. Like Brocksmith's briefs, those filings fail to cite pertinent legal authority in effect at the time of trial that would have prompted any reasonable trial attorney to raise the constitutional issues pressed on appeal. As a result, we are convinced that no amount of rebriefing could demonstrate that trial counsel performed deficiently, and therefore we deny the motion to rebrief.

¶17 In this case, the arguments Brocksmith advances regarding the constitutionality of the Measurable Amount Statute are truly novel. Brocksmith supports them largely with law review articles and academic commentary and does not direct us to any judicial decision or constitutional provision that compels a determination that the statute violates established constitutional principles. Under these circumstances, Brocksmith cannot establish that any reasonable attorney would have raised these issues below. Accordingly, trial counsel did not commit an "error[] so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

CONCLUSION

¶18 We conclude that Brocksmith's trial counsel did not perform deficiently in failing to raise the constitutional challenges to the Measurable Amount Statute asserted on appeal. Because Brocksmith has not established his claim of ineffective assistance of counsel, we affirm his convictions.

———————