**2025 UT App 169**

### THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
RANDI LOU BELL,
Appellant.

Opinion
No. 20230325-CA
Filed November 20, 2025

Seventh District Court, Moab Department
The Honorable Jeremiah Humes
No. 201700138

Wendy M. Brown, Debra M. Nelson, and Benjamin
Miller, Attorneys for Appellant

Derek E. Brown and Tanner R. Hafen,
Attorneys for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES RYAN D. TENNEY and JOHN D. LUTHY concurred.

CHRISTIANSEN FORSTER, Judge:

¶1     After failing to timely return her rental vehicle, Randi Lou Bell was charged with theft of a rental vehicle, a second-degree felony. Following a jury trial, Bell was convicted as charged. Bell now appeals that conviction, arguing that her defense counsel (Counsel) was ineffective in several respects, including by failing to move for a directed verdict where the State presented no evidence that her rental agreement contained notice of the maximum penalties under state law for failing to timely return the vehicle. We find this argument persuasive and accordingly vacate her conviction.

BACKGROUND

¶2     On June 13, 2020, Bell rented a vehicle from Enterprise Rent-A-Car (Enterprise). Per the terms of the rental agreement, Bell was to return the vehicle about one month later, on July 10. An Enterprise employee instructed Bell that if she wanted to extend the length of her rental past the one-month mark, she would need to bring the vehicle back to an Enterprise branch for a visual inspection and to "rewrite" the rental contract.

¶3     July 10 came and went, and Bell had not returned the vehicle. Enterprise did not report the vehicle as stolen, however, and instead gave Bell "the benefit of the doubt" until July 19, at which point an employee called Bell. Bell did not answer. Thereafter, Enterprise continued trying to contact Bell to no avail. On August 11, thirty-two days after the original return date, Enterprise reported the vehicle stolen.

¶4     Shortly after the vehicle was reported stolen, the chief deputy with the local sheriff's office contacted Bell via phone. He told Bell that if she returned the vehicle to Enterprise within the next ninety minutes he would not list the vehicle as stolen. Bell arrived at Enterprise in the vehicle a few minutes before the chief deputy's stated deadline; nevertheless, he arrested her.

¶5     Bell was charged with theft of a rental vehicle, a second-degree felony. The case proceeded to a trial in January 2023. Bell's rental agreement, drafted by Enterprise, was admitted at trial. The only notice related to the potential crime of theft of a rental vehicle in that agreement was the following:

> Pursuant to Utah Code 76-6-410.5, failure to return Vehicle within 72 hours from the date and time stated on the Rental Agreement Summary may subject Renter to prosecution for theft punishable by the maximum penalties under Utah state law.

¶6    The jury convicted Bell as charged, and Bell timely appealed.


ISSUE AND STANDARD OF REVIEW

¶7    Bell argues that Counsel rendered ineffective assistance by failing to move for a directed verdict.[1] "An ineffective assistance of counsel claim raised for the first time on appeal presents a question of law." *State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162.


ANALYSIS

¶8    Bell contends that Counsel was ineffective for failing to move for a directed verdict at the close of the State's case because the evidence was insufficient to establish all the elements of the charged offense. To prevail on this claim, Bell must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), by showing (1) "that [C]ounsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Id.* at 687.

¶9    To demonstrate deficient performance, Bell must establish that Counsel's actions "fell below an objective standard of reasonableness." *Id.* at 688. To that end, Bell must overcome the "strong presumption that [C]ounsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Where the "challenged action might be considered sound trial strategy, it follows that counsel did not perform deficiently." *State v. Scott*, 2020 UT 13, ¶ 35, 462 P.3d 350 (quotation simplified). "But the converse is not true." *State v. Ray*, 2020 UT 12, ¶ 34, 469 P.3d

---

1. Bell raises three additional claims of ineffective assistance of counsel. But because our resolution of the directed verdict claim is dispositive, we do not reach the merits of these additional claims.

871. "[E]ven where a court cannot conceive of a sound strategic reason for counsel's challenged conduct, it does not automatically follow that counsel was deficient. . . . [T]he ultimate question is always whether, considering all the circumstances, counsel's acts or omissions were objectively unreasonable." *Scott*, 2020 UT 13, ¶ 36.

¶10    To satisfy the second *Strickland* prong, Bell must "demonstrate a reasonable probability that the outcome of . . . her case would have been different absent [C]ounsel's error." *Id.* ¶ 43. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. We address each prong of this test below.

## I. Deficient Performance

¶11    Bell asserts that the rental agreement did not include notice of the "maximum penalties" possible under state law if the vehicle was not timely returned pursuant to the terms of the agreement, as required by subsection (3) of the theft of a rental vehicle statute. *See* Utah Code § 76-6-410.5(3) (2020).[2] According to Bell, subsection (3) constitutes an element of the crime of theft of a rental vehicle and, thus, it was objectively unreasonable for Counsel not to move for a directed verdict when the State failed to put forth any evidence of this element at trial. For its part, the State concedes Bell's rental agreement did not contain the notice

---

2. Utah Code section 76-6-410.5 was materially amended in 2023, after the commission of the crime at issue in this case. *See* Utah Code § 76-6-410.5 (2023). Because "we apply the law as it exists at the time of the event regulated by the law in question," *State v. Clark*, 2011 UT 23, ¶ 13, 251 P.3d 829, the 2020 version of the statute governs here. We express no opinion on whether application of the current version of the statute would change the outcome of this appeal, and in any event, neither party argues that the current version of the statue should apply.

she maintains is required. The State asserts, however, that this omission is not material because "such notice is not an element of the offense." Given the State's concession, we begin by determining whether the interpretation of the statute advanced by Bell is correct, that is, whether subsection (3) constitutes an element of the crime.

¶12     At the time of the events giving rise to this case, the theft of a rental vehicle statute read, in relevant part,

> (2) A renter is guilty of theft of a rental vehicle if, without notice to and permission of the rental company, the renter knowingly fails without good cause to return the vehicle within 72 hours after the time established for the return in the rental agreement.
>
> (3) If the motor vehicle is not rented on a periodic tenancy basis, the rental company *shall* include the following information, legibly written, as part of the terms of the rental agreement:
>
> > (a) the date and time the motor vehicle is required to be returned; and
> >
> > (b) *the maximum penalties under state law if the motor vehicle is not returned within 72 hours from the date and time stated in compliance with Subsection (3)(a).*

*Id.* § 76-6-410.5(2)–(3) (emphasis added).

¶13     Based on this language, the legislature, through subsection (2) of the theft of a rental vehicle statute, identified two substantive elements of that offense: the renter knowingly failing "to return the vehicle within 72 hours after the time established for the return in the rental agreement" and the renter doing so

"without notice to and permission of the rental company." *Id.* § 76-6-410.5(2).

¶14 But subsection (3) imposed additional requirements on a rental company that must have been complied with before a renter could be prosecuted for theft of a rental vehicle in instances where the vehicle was not rented on "a periodic tenancy basis," *see id.* § 76-6-410.5(3)—which both parties agree Bell's rental was not, *see Coleman v. Thomas*, 2000 UT 53, ¶ 13, 4 P.3d 783 ("A periodic tenancy . . . involves a continuous succession of periods . . . and lasts for an indefinite time." (quotation simplified)). For these types of rentals, the rental company must have included notice of the following as part of the rental agreement: (A) "the date and time the motor vehicle is required to be returned" and (B) "the maximum penalties under state law if the motor vehicle is not returned within 72 hours from the date and time stated in" the rental agreement. Utah Code § 76-6-410.5(3) (2020).

¶15 Construing subsection (3) as an element of the crime of theft of a rental vehicle comports with our rules of statutory interpretation. When we interpret a statute, our starting point is the plain language of the statute. *See Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 14, 267 P.3d 863. "But we do not view individual words and subsections in isolation . . . ." *Penunuri v. Sundance Partners, Ltd.*, 2013 UT 22, ¶ 15, 301 P.3d 984. Instead, we construe each part "in connection with every other part or section so as to produce a harmonious whole." *Id.* (quotation simplified). We thus "interpret statutes to give meaning to all parts, and avoid rendering portions of the statute superfluous." *Id.* (quotation simplified).

¶16 The attendant circumstances outlined in subsection (3) do not appear in any civil statutes regulating lease contracts. *See generally* Utah Code §§ 70A-2a-101 to -534. And subsection (3) does not impose a penalty on the rental company for failing to include the terms listed in that subsection. *See id.* § 76-6-410.5(3)

(2020). Thus, unless subsection (3) is construed as an element of the crime of theft of a rental vehicle, it stands alone as a provision in a criminal statute that otherwise imposes penalties for criminal conduct. So viewed, subsection (3) would be without an enforcement mechanism, and it would therefore lack any force. In effect, this would render subsection (3) "superfluous"—an outcome that we are to "avoid." *See Penunuri*, 2013 UT 22, ¶ 15 (quotation simplified).

¶17 Based on the foregoing, we conclude that subsection (3) constituted an element of the offense of the crime of theft of a rental vehicle. As such, to convict Bell of this crime, the State had to prove that Bell's rental agreement included each notice listed in that subsection. But the State did not—and indeed could not—prove that Bell's rental agreement included notice of "the maximum penalties under state law" for failing to timely return the vehicle, Utah Code § 76-6-410.5(3)(b) (2020), because although the rental agreement referenced "maximum penalties," it did not state what those penalties actually were, *see id.* § 76-3-203(2) (2023) (setting the potential term of imprisonment for a second-degree felony as "not less than one year nor more than 15 years"); *id.* § 76-3-301(1)(a) (setting the maximum fine for a second-degree felony at $10,000). Thus, we next consider whether it was objectively unreasonable for Counsel to not move for a directed verdict.

¶18 Bell acknowledges that no Utah appellate court has interpreted subsection (3) and, thus, that the statutory interpretation argument she advances on appeal is a novel one. But this fact does not preclude a determination that Counsel performed deficiently for failing to raise it. *See State v. Silva*, 2019 UT 36, ¶ 19, 456 P.3d 718 ("[T]he United States Supreme Court has never said that trial counsel is categorically excused from failure to raise an argument not supported by existing legal precedent."). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Here, Counsel's decision

to forgo moving for a directed verdict was unreasonable for two primary reasons.

¶19 First, Bell's proposed statutory interpretation rests on a straightforward plain language analysis that is neither complex nor confusing. *Cf. State v. Squires*, 2019 UT App 113, ¶ 29, 446 P.3d 581 (concluding that counsel did not perform deficiently for not requesting different jury instructions where the defendant's "interpretation of the statute [was] not dictated by its plain language"); *State v. Brocksmith*, 2018 UT App 76, ¶ 17, 424 P.3d 1122 (concluding that counsel did not perform deficiently for failing to raise an argument supported "largely with law review articles and academic commentary").

¶20 Second, "making the motion would have been risk-free." *State v. Bell*, 2016 UT App 157, ¶ 23, 380 P.3d 11. Although there was "no guarantee" that the district court would accept Bell's interpretation of the statute, *see State v. Carter*, 2023 UT 18, ¶ 47, 535 P.3d 819; *see also Strickland*, 466 U.S. at 695 (stating that "the idiosyncrasies of [a] particular decisionmaker" can enter "into counsel's selection of strategies and . . . may thus affect the performance inquiry"), moving for a directed verdict would not have "conflicted with any pursued line of defense, nor would it have borne any potential for prejudice," *Bell*, 2016 UT App 157, ¶ 22; *cf. Carter*, 2023 UT 18, ¶¶ 49–50 (concluding that counsel was not ineffective for forgoing a directed verdict motion where doing so could have "cause[d] him to lose the basis of his defense"). For these reasons, it was unreasonable for Counsel not to move for a directed verdict.

¶21 The State resists this conclusion. In addition to assailing Bell's proposed interpretation of the statute, it argues that "[e]ven if [Counsel] had decided the statutory interpretation arguments Bell makes now were reasonable, that would not compel him to make them" because Counsel can "'pick his battles.'" (Quoting *State v. Ray*, 2020 UT 12, ¶ 32, 469 P.3d 871.) While it is true that

"Counsel could pick his battles," that does not change the fact that we must still assess Counsel's decision in context and determine whether the issue "was sufficiently important under the circumstances that failure to [move for a directed verdict] was objectively unreasonable." *Ray*, 2020 UT 12, ¶ 32. Given the straightforward nature of Bell's argument, as well as the low risk/reward ratio, moving for a directed verdict was "a battle that competent counsel would have fought." *Id.*

¶22    In sum, we conclude that subsection (3) was a required element of the crime of theft of a rental vehicle. And because the State did not put forth evidence to prove this element, it was unreasonable for Counsel not to move for a directed verdict and seek dismissal of the charge. Therefore, Counsel's performance was deficient.

## II. Prejudice

¶23    Bell must also demonstrate that she was prejudiced by Counsel's deficient performance. "To evaluate prejudice under *Strickland*, we assess counterfactual scenarios—that is, what would have happened but for the ineffective assistance. The counterfactual analysis requires us to consider a hypothetical—an alternative universe in which the trial went off without the error." *State v. Garcia-Flores*, 2021 UT App 97, ¶ 27, 497 P.3d 847 (quotation simplified).

¶24    Because the error at issue here is the omission of a motion for directed verdict based on the interpretation of a statute—a purely legal question—and we have determined that Bell's interpretation of the statute is correct, in the counterfactual scenario in which Counsel moved for a directed verdict on the ground that the plain language of the controlling statute dictated that subsection (3) was an element of the crime of theft of a motor vehicle, the district court would have been obligated to grant the motion because the State failed to prove this element. *See Strickland v. Washington*, 466 U.S. 668, 695 (1984) ("The assessment

of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision."). "The reasonable probability of an acquittal thus satisfies *Strickland* prejudice." *Cedar City v. McCraw*, 2025 UT App 123, ¶ 12, 576 P.3d 1155, *petition for cert. filed*, Sep. 11, 2025 (No. 20251082).

## CONCLUSION

¶25   Because the State failed to present evidence that Bell's rental agreement contained notice of the maximum penalties under state law for failing to timely return the rental vehicle, and because such notice was an element of the crime of theft of a rental vehicle, Counsel's failure to move for a directed verdict amounted to ineffective assistance. We therefore vacate Bell's conviction.

———————